**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN. 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 388-7022
Web: www.narinelaw.com
Email: narine56@msn.com

Attorney for Plaintiff
MELANIE LYNDSAY HERNANDEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE LYNDSAY HERNANDEZ by and through her guardian ad litem CLAUDIA SUGEY CHAVEZ as successor in interest to decedent DANIEL HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER TONI MCBRIDE #43335 individually and as a peace officer, and DOES 1-10<br><br>Defendants | Case No.<br>**COMPLAINT FOR DAMAGES**<br><br>1. Wrongful Death/Violation of Civil Rights (42 U.S.C. §1983);<br><br>2. Unlawful Custom/Practice (42 U.S.C. §1983);<br><br>3. Wrongful Death/Negligence<br><br>4. Calif. Civil Code § 51.7, 52.1<br><br>5. Violation of Civil Rights (42 U.S.C. § 1985 (2))<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4).

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.     This action at law for money damages arises under Title 42 U.S.C. Sections, 1983, 1985 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

3.     At all times herein mentioned, plaintiff MELANIE LYNDSAY HERNANDEZ was and is a Hispanic resident of the United States, residing in City of Los Angeles. Plaintiff MELANIE LYNDSAY HERNANDEZ is the natural daughter of decedent DANIEL HERNANDEZ, age 38. At the time of his death, DANIEL HERNANDEZ resided in Los Angeles County, City of Los Angeles.

4.     At all times herein mentioned, defendant CITY OF LOS ANGELES, (hereinafter identified as "CITY") was and is a public entity duly organized and existing as such under the laws of and in the State of California. LOS ANGELES POLICE DEPARTMENT is an agency of Defendant CITY and Defendant CITY is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under Monell v. Dept. Social Services, (1978) 436 U.S. 658, 691. Under California Government Code § 815.2(a), Defendant CITY is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer defendants.

5.     At all times herein mentioned, defendants TONI MCBRIDE #43335, individually and as a peace officer, DOES 1-10, were and now are, each duly appointed peace officers and ranking officers and employees of the LOS

ANGELES POLICE DEPARTMENT and Defendant CITY, qualified and acting under color of state law, and as the employee, agent and representative of every other defendant.

6. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint in accordance with California Code of Civil Procedure Section 474 and FRCP 15 to show their true names and capacities when same have been ascertained.

7. At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein.

8. At all times herein mentioned defendants were acting under the color of one or more statutes, laws, regulations, customs, practices and usages of the CITY and LOS ANGELES POLICE DEPARTMENT.

9. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct intentionally violated plaintiff and decedent's constitutional rights and well established law.

10. The events, acts and omissions herein complained of began on April 22,

2020 around 5:37 pm at the intersection of San Pedro Street and E. 32nd Street, in the City of Los Angeles. Defendants MCBRIDE and DOES 1-10 came upon a vehicle traffic collision with individuals injured and in a critical condition from the collision. Multiple civilian bystanders were asking police to call 911. Rather than rendering immediate attention to the accident victims, Defendant MCBRIDE and DOES 1-5 were standing-by near their patrol cars at a distance from the collision. DANIEL HERNANDEZ had been injured in the accident, exited his vehicle demonstrating shock, trauma and panic. He walked a few steps from his vehicle in an unsteady gait posing no threat to anyone when Defendant MCBRIDE discharged two rounds at HERNANDEZ, taking him to the ground at which time MCBRIDE discharged 4 more rounds into HERNANDEZ' body as he lay on the pavement. Each of MCBRIDE's deadly rounds lacked justification and recklessly endangered multiple bystanders. The entire incident was witnessed by multiple bystanders at the scene who captured the shooting with video recordings. At the time of the discharges, MCBRIDE and HERNANDEZ were not less than 30 feet apart and shirtless HERNANDEZ posed no threat or danger to anyone and none to MCBRIDE in particular. DOE Defendants 1-5 witnessed MCBRIDE's deadly force and did nothing to interfere with MCBRIDE's deadly force when they could, and upon confirming HERNANDEZ was lifeless, immediately began to concoct a plausible, but false scenario conspiring to cover up MCBRIDE's wrongful misconduct by asserting HERNANDEZ posed a threat to the police and/or public because a knife was recovered from the scene. The fabricated scenario was designed to give the false and fraudulent appearance of justification for the use of deadly force when MCBRIDE and DOES 1-10 knew none existed. MCBRIDE was neither detained nor arrested, relieved of duty, nor referred to the Los Angeles District Attorney for prosecution and remains in good standing with the CITY and LAPD notwithstanding the irrefutable evidence of her unjustified homicide.

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS-UNREASONABLE SEIZURE-DUE PROCESS DEPRIVATIONS 42 U.S.C. §1983)

**(Against Defendant TONI MCBRIDE, DOES 1-10, individually)**

11. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 10 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

12. Commencing at or about the aforementioned date and place, defendants TONI MCBRIDE, DOES 1-10, without lawful cause or justification, and acting under color of law, intentionally and maliciously seized plaintiff's decedent DANIEL HERNANDEZ, causing his death. Defendants MCBRIDE and DOES 1-5 assaulted and battered DANIEL HERNANDEZ, and reached a meeting of minds to hide their knowledge that DANIEL HERNANDEZ's death was without any lawful justification. These acts of defendants constituted excessive and unreasonable intentional force and such force caused plaintiff and plaintiff's decedent special and general damages, physical injuries and extreme emotional distress. Further, the acts of defendants deprived plaintiff and plaintiff's decedent of rights secured to them by the Fourth and Fourteenth Amendments to the United States Constitution in that defendants deprived plaintiff's decedent of: a. the right to be free in his person against unreasonable search and seizure; b. the right not to be deprived of life, liberty and property without due process of law. The aforesaid homicide and cover-up by the individual defendants thereby deprived the minor plaintiff of her constitutionally protected interest in the familial love, comfort, companionship, and society of her father.

13. By virtue of the foregoing, defendants, and 10 or more of them, conspired for the purpose of: (i) depriving plaintiff's decedent (a) equal protection of the law; and (b) privileges and immunities under the law, and for the; (ii) purpose of preventing and hindering the constituted authorities, including but not limited to, the District Attorney of the County of Los Angeles, State of California, from giving and securing to plaintiff's decedent equal protection of the law and deprivation of liberty without due process of law.

14. Defendants and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby plaintiff's decedent was deprived of rights and privileges as set forth above.

15. By reason of the aforesaid acts and omissions of defendants, plaintiff has been and will forever be deprived of the love, affection, society, companionship, and support of decedent, all to plaintiff's damages according to proof.

16. By reason of the aforesaid acts and omissions of defendants on April 22, 2020 plaintiff's decedent suffered fatal gunshot wounds, shock to his nervous system, severe pain and anguish until his death at the scene, all to plaintiff's and plaintiff's decedent's damage in an amount according to proof.

17. The aforementioned acts and omissions of defendants were committed by each of them knowingly, willfully, and intentionally and for the purpose of depriving decedent of his constitutional rights in reckless, callous and conscious disregard of the same, and by reason thereof, plaintiff claims exemplary and punitive damages against defendants, and each of them, (except as to defendants

CITY) in an amount according to proof.

# SECOND CAUSE OF ACTION
**(Against Defendants CITY under Section 1983, Custom, Policy & Practice)**

18. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 17 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

19. Plaintiff is informed and believes and thereon alleges that on or about April 22, 2020 and for at least 20 years prior thereto, defendant CITY and LOS ANGELES POLICE DEPARTMENT, each of them, established, maintained, enforced and applied customs, policies and practices of using and permitting the use of unnecessary, unreasonable and deadly force by:

    (a) Condoning a peace officer code of silence throughout the Department;

    (b) Failing to discipline officers who engage in the use of unnecessary force;

    (c) Failing to adequately supervise and control officers known, or who reasonably should have been known, to have demonstrated dishonesty and used unnecessary force;

    (d) Assigning Defendant MCBRIDE, among others, whom LAPD knew, or who reasonably should have known, to have reckless violent and homicidal propensities to duties which enable such deputies to continue to use unnecessary force;

    (e) Conducting investigations of officers involved in misconduct, including use of excessive and/or deadly force, false arrests and criminal conspiracies, in such a manner as to conceal officer wrongdoing;

    (f) Training officers for the CITY as if the LAPD were a paramilitary

organization thereby promoting attitude and behavior among the administration and rank and file inconsistent with a civilian police force;

(g) Failing to create a "paper trail" of Officer misconduct by systemically rejecting citizen complaints at the early stages of an internal affairs or department investigation;

(h) Assigning problem officers or employees who "work in gray" to reject the claims of officer misconduct during the initial stages of an internal affairs or department investigation;

(i) Assigning officers who are the subject of internal affairs investigations to the Department of Internal Affairs while the investigation is pending;

(j) Reassigning officers to administrative duties or allowing them take "time-off" in order to avoid any suspensions or discipline on their records;

(k) Maintaining vague, ambiguous, and biased records that do not properly, adequately, or accurately apprise others of the officers' past misconduct;

(l) Failing to internally investigate any cases that are pending litigation which usually relate to the most serious forms of officer misconduct;

(m) Failing to internally investigate claims that have not been internally filed but were externally reported or known by the Department;

(n) Hiding behind settlements, general releases, and "no fault admissions" related to lawsuits or government claims;

(o) Transferring, relocating, and/or promoting Officers or allowing them to resign prior to any internal investigation completing or taking place;

(p) Failing to adequately flag problem officers within the department;

(q) Failing to adequately retrain, discipline, suspend, or terminate problem officers within the department;

(r) Transferring, moving, and/or relocating its problem Officers to various departments, stations, divisions, and positions in order to essentially

"bury," ignore, dilute, hide, and spread these problem Officers, along with their incidents of misconduct, to other LAPD assignments and to evade internal, disciplinary, and other investigations;

(s) Allowing its Officers to participate in "renegade," "gang-like," cliques, which facilitate, conspire, promote, organize, encourage, and commit acts of police brutality, aggressive police tactics, and officer misconduct;

(t) Allowing acts of excessive force to be committed against suspects, inmates, or defendants, in order for an Officer to gain membership into one of these renegade gang-like cliques;

(u) Allowing Officers to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence," or "blue code," regarding these unconstitutional abuses in order to protect members, recruit younger officers and earn promotions.

20. Plaintiff is informed and believes and thereon alleges that at the time of the incident alleged above and long prior thereto, the CITY and LOS ANGELES POLICE DEPARTMENT and other supervisory officers of the CITY and LAPD, as yet unknown to plaintiff, knew or should have known that defendants, and each of them, are dishonest and corrupt individuals and who are prone to use unreasonable or deadly force, and failed to properly train, instruct, supervise, investigate, regulate or discipline them.  These failures and the aforementioned practices, policies and customs were and are the proximate cause of the injuries and death to plaintiff's decedent.

21. By way of example, in 2020, the Los Angeles Police Department has reported seventeen (17) separate officer involved shootings and critical incidents, despite the CITY's "stay at home" orders, due to the Covid-19 pandemic.  In 2019

and 2018, the LOS ANGELES POLICE DEPARTMENT reported thirty six (36) and thirty-nine (39) officer involved shootings and critical incidents.

22. As such, these expressly adopted official policies or widespread, longstanding practices or customs constitute a standard operating procedure of Defendant, CITY, which has resulted in repeated incidents of officer involved shootings and excessive force, against members of the general public, inmates, suspects, and defendants.

23. Plaintiff is informed and believes and thereon alleges that at the time of the incident alleged above, prior and subsequent thereto, LAPD had (A) knowledge Defendant Deputy TONI MCBRIDE had demonstrated her reckless and homicidal propensities prior to the death of DANIEL HERNANDEZ, (B) LAPD had inadequate use of force guidelines on the use of deadly force; (C) the training and supervision of police officers in the use of force and deadly force by the LAPD was and is grossly inadequate; (D) Use of Force regulations were and are routinely ignored or perverted to justify virtually all uses of force as being within LAPD policy.  These failures were and are the proximate cause of plaintiffs' decedent's death.

24. The aforesaid acts and omissions of Defendants were done knowingly, intentionally, depriving plaintiff's decedent of his constitutional rights and the constitutional rights of plaintiff.

25. By reason of the aforesaid acts and omissions of defendants, plaintiff was required to and did retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiff in order that she may vindicate the loss

and impairment of rights and by reason thereof, plaintiff requests payments by defendants of a reasonable sum for attorney's fees, pursuant to 42 U.S.C. §1988.

# THIRD CAUSE OF ACTION
## WRONGFUL DEATH CCP § 377.10(b) against CITY, MCBRIDE, DOES 1-10 individually

26. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

27. Plaintiff timely filed her claim for damages with the LOS ANGELES CITY Clerk on May 7, 2020.

28. Plaintiff brings this action for wrongful death pursuant to the provisions of Code of Civil Procedure § 377 (b) in that, at the time of Decedent's death, Plaintiff was Decedent's heir according to the provision of Part 1 of Division 6 of the Probate Code, and also pursuant to Code of Civil Procedure § 377 (b) as the intestate successor in interest to the estate of decedent.

29. At or about the aforementioned time, date and place, Defendants intentionally, negligently and recklessly assaulted and MCBRIDE shot DANIEL HERNANDEZ to death thereby depriving decedent of his life without due process of law in violation of his Constitutional rights under the Fourth and Fourteenth Amendments.

30.     On and for some time before April 22, 2020, Defendants CITY and DOES 6-10, inclusive, and each of them, negligently and carelessly employed, retained, trained, supervised, assigned, controlled and negligently and carelessly failed to adequately discipline Defendants MCBRIDE, DOES 1-5, and each of them, at all times materially herein knew or reasonably should have known had dangerous and dishonest propensities for abusing their authority and for using excessive and punitive force and violence and for falsifying their accounts and reports of their actions, especially where unreasonable force (deadly and less than deadly) was used by said Defendants.

31.     By reason of the aforesaid acts and omissions of Defendants, Plaintiff has been and will forever be deprived of the love, affection, society, companionship, support and pecuniary benefits of Decedent, all to Plaintiff's damages in the sum of according to proof.

32.     The aforesaid acts and omissions of Defendants were done knowingly, intentionally and for the purpose of depriving Decedent of his life and civil rights in reckless and callous disregard of the same, and by reason thereof, plaintiff claims damages in an amount according to proof.

## FOURTH CAUSE OF ACTION
**VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT CIVIL CODE SECTIONS 51.7, 52.1(B) against CITY, MCBRIDE, DOES 1-10**
**(By Plaintiff Against All Defendants)**

33.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 30 of this complaint, and by this reference incorporates the

same herein and makes each a part hereof.

34. On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated DANIEL HERNANDEZ's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 51.7 and 52.1 (b). Plaintiff asserts the violations of DANIEL HERNANDEZ'S rights pursuant to California's Survival Statute, Code of Civil Procedure § 377.30 et. seq.

35. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1(h).

## FIFTH CAUSE OF ACTION

**(VIOLATION OF 42 U.S.C. § 1985 (2))**
**(By Plaintiff against All Individual Defendants)**

36. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 35 of this complaint, and by this reference incorporates and makes each a part hereof.

37. Commencing April 22, 2020 and thereafter, Defendant Officer TONI MCBRIDE and DOES two or more of them, in the State of California, County of Los Angeles, by reason of their animus against minorities, including Hispanic-Americans of which class DANIEL HERNANDEZ belongs, invidiously

discriminated against DANIEL HERNANDEZ in that they willfully and maliciously assaulted and murdered DANIEL HERNANDEZ without just cause and then lied about the facts, by false accounts and falsifying the reports. DOES 1-10 demonstrated invidious discrimination towards DANIEL HERNANDEZ as a Hispanic-American, and conspired together to act and fail to act in that they willfully failed to intervene in the use of deadly force, failed to discipline and approved of their inferior officers' actions, failed to investigate properly and independently the facts of the incident, maliciously falsified reports and failed to disclose all inculpatory evidence in favor of DANIEL HERNANDEZ, as hereinbefore alleged, for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of California and County of Los Angeles.

38. Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff's decedent the equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

39. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C § 1985 (2).

40. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

**WHEREFORE**, plaintiff prays judgment against defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages in the sum according to proof;

2. For Special damages according to proof;

3. For Punitive damages as provided by law, in an amount to be proved against each individual defendant;

4. For attorney's fees pursuant to 42 U.S.C § 1988 and Calif. Civil Code § 52.1(h);

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

DATE: June 10, 2020

          **MKRTCHYAN LAW**
       By: _____/s/Narine Mkrtchyan_____
          **NARINE MKRTCHYAN**
          Attorney for Plaintiff

**PLAINTIFF'S JURY DEMAND**

Plaintiff hereby demands trial by jury.

DATE: June 10, 2020

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____

**NARINE MKRTCHYAN**

Attorney for Plaintiff